**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 10-20581

JOHN WILSON,

    Defendant.

                                      /

**ORDER REMANDING DEFENDANT TO CUSTODY**

On November 10, 2011, the Government filed a motion to revoke the bond of Defendant John Wilson pursuant to 18 U.S.C. § 3148(b). The court conducted a hearing on November 18, 2011, during which it revoked Defendant's bond and remanded him into custody.

Under 18 U.S.C. § 3142(c)(3), the court "may at any time amend the order to impose additional or different conditions of release." A bond hearing may be conducted or reopened at any time before trial, if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the safety of any person and the community. Further, pursuant to 18 U.S.C. § 3148, the court "shall enter an order of revocation and detention if, after a hearing, the judicial officer . . . finds that there is . . . probable cause to believe that the person has committed a Federal, State, or local crime while on release." 18 U.S.C. § 3148(b)(1)(A). Where the court makes a finding of probable cause, "a rebuttable presumption arises

that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b).

Based upon the information presented by the Government, the court found probable cause existed to believe that Defendant committed at least one federal and at least two state-law crimes wile on pretrial release: (1) mail fraud, 18 U.S.C. § 1341; (2) alteration or forgery of public records, Mich. Comp. Laws § 750.248; and (3) alteration or forgery of record or deed, Mich. Comp. Laws § 750.249. Further, Defendant failed to rebut the presumption that no set of conditions under 18 U.S.C. § 3142(g) would assure that he would not pose a danger to the safety of the community. The phrase "safety of the community" as used in § 3148 refers not only to the mere danger of physical violence but also to the danger that a defendant might engage in criminal activity to the community's detriment. *See* S. Rep. 98-225, at 9 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3195 (" The language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence."); *see also United States v. Wilson*, 820 F. Supp. 1031, 1034 (N.D. Tex. 1993) (quoting *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989)). Here, the Government proffered evidence establishing Defendant's lengthy history of convictions for fraud-related offenses. Indeed, the evidence suggested that Defendant commenced the scheme to defraud he is currently charged with while on parole for prior fraud convictions. Such evidence demonstrates that no set of conditions could reasonably assure that Defendant would

not pose a danger to the community, and Defendant failed to present any evidence to the contrary. Accordingly, for the reasons stated herein and on the record,

IT IS ORDERED that Defendant John Wilson is REMANDED to the custody of the United States Marshal until further order of the court.

      s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: November 21, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 21, 2011, by electronic and/or ordinary mail.

      s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\10-10581.WILSON.Remand.Custody.jrc.wpd